IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DONALD STUART KOONTZ,               )
                                    )
              Petitioner,           )
                                    )
         v.                         )         1:15CV344
                                    )         1:13CR478-1
UNITED STATES OF AMERICA,           )
                                    )
              Respondent.           )


                **MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

     Before the court is the motion by Petitioner Donald Stuart

Koontz to vacate, set aside, or correct sentence pursuant to 28

U.S.C. § 2255.  (Doc. 11.)  The motion is fully briefed and ready

for decision.  For the reasons set forth below, the motion will be

denied.

**I.    BACKGROUND**

     Petitioner was indicted by a federal grand jury in the Middle

District of North Carolina on December 16, 2013.  (Doc. 1.)[1]  The

sole count of the Indictment alleged that from July 19, 2013,

through August 22, 2013, Petitioner "knowingly received child

pornography . . . that had been mailed, and using any means and

facility of interstate and foreign commerce shipped and

transported in and affecting interstate and foreign commerce by

───────────────────────

[1] All citations are to the docket in case number 1:13cr478.

any means, including by computer," in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1).

On January 17, 2014, Petitioner pled guilty to the Indictment pursuant to a written plea agreement. (Doc. 6.) He was advised of each of the elements of the offense that the Government would be required to prove at trial and acknowledged that by pleading guilty he was admitting each of these essential elements, including that the child pornography he received had been mailed, shipped, or transported in interstate or foreign commerce.

A sentencing hearing was held on May 16, 2014. The court adopted the Presentence Investigation Report ("PSR") without objection. (Doc. 18 at 3-4.) The PSR detailed Petitioner's possession of 145 videos depicting child pornography, which Petitioner had downloaded from the Internet. (Doc. 8 at 3-4.) The court sentenced Petitioner to 121 months imprisonment and ten years of supervised release. (Doc. 18 at 24.)

Petitioner did not appeal his sentence or conviction, but he timely filed the present motion on April 10, 2015, which seeks to collaterally attack his sentence and conviction. He advances two arguments founded upon the Commerce Clause: (1) that Congress lacked authority under the Commerce Clause to pass the Child Pornography Prevention Act, 18 U.S.C. § 2251 et seq., and (2) that the statute was "applied to him unconstitutionally" because the child pornography he possessed "[had] never moved in any commercial

activity." (Doc. 11 at 11, 21, 43.)  The Government responded on June 26, 2015, noting that this is the first time Petitioner has raised these claims.  (Doc. 14.)  On February 8, 2017, Petitioner filed a motion to expedite.  (Doc. 19.)

## II.  ANALYSIS

A petitioner may collaterally attack a conviction or sentence if it "was imposed in violation of the Constitution."  28 U.S.C. § 2255(a).  At no time before judgment – including at his change of plea hearing or at sentencing – did Petitioner argue that the application of the child pornography statute is unconstitutional, either facially or as applied to him.  Nor did Petitioner file any appeal.

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.  See United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).  The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.  See Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct.

2639, 91 L. Ed. 2d 397 (1986). And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. See id. at 496, 106 S. Ct. 2639." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

"As the Supreme Court has admonished, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.' Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998) (internal citations omitted). 'Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent."' Id. at 622, 118 S. Ct. 1604 (internal citations omitted)." United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). To demonstrate actual innocence, a defendant must show "actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Mikalajunas, 186 F.3d at 494 (emphasis in original) (citing Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992)).

Here, Petitioner does not acknowledge the proper standard of review for his claims and consequently fails to explain how he can

meet this bar.   However, because Petitioner's arguments are

meritless for the reasons that follow, it is clear that Petitioner

cannot demonstrate that his counsel's failure to raise them fell

below an objective standard of reasonableness and caused

prejudice.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Similarly, Petitioner does not even argue, nor can he show, that

he is actually innocent of the offense.

The Commerce Clause of the United States Constitution

provides that Congress shall have the power "[t]o regulate Commerce

with foreign Nations, and among the several States, and with the

Indian Tribes."  U.S. Const. art. I, § 8, cl. 3.  Under the Commerce

Clause, Congress may regulate three broad categories of activity:

(1) "the use of the channels of interstate commerce"; (2) "the

instrumentalities of interstate commerce, or persons or things in

interstate commerce"; and (3) "those activities that substantially

affect interstate commerce."   United States v. Lopez, 514 U.S.

549, 558-59 (1995).

Petitioner first contends that Congress "lacked the authority

to enact the Child Pornography Prevention Act," 18 U.S.C. § 2251

et seq., under the Commerce Clause.  (Doc. 11 at 21.)  This argument

has been rejected summarily on multiple occasions.  See United

States v. White, 2 F. App'x 295, 297 (4th Cir. 2001)[2] (finding

---

[2] Unpublished opinions of the Fourth Circuit are not precedential.  See

"unavailing" the argument that interstate commerce nexus requirement in § 2252A(a)(5)(B) (1998)[3] did not satisfy the Commerce Clause); United States v. Wyatt, 64 F. App'x 350, 351–52 (4th Cir. 2003) (analyzing same language – but under § 2252A(a)(5)(B) (2000) – to hold that the statute "is not an unconstitutional exercise of congressional authority"); United States v. Harden, 45 F. App'x 237, 241 (4th Cir. 2002) (citing with support United States v. Bausch, 140 F.3d 739, 741 (8th Cir. 1998), and United States v. Robinson, 137 F.3d 652, 655-56 (1st Cir. 1998), which found the statute constitutional on its face). For the reasoning set forth in these cases, Petitioner's argument that Congress acted beyond its authority in enacting 18 U.S.C. § 2252A fails.

Petitioner's contention that 18 U.S.C. § 2252A is unconstitutional as applied to him fares no better. Petitioner

---

Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (recognizing that "we ordinarily do not accord precedential value to our unpublished decisions" and that such decisions "are entitled only to the weight they generate by the persuasiveness of their reasoning" (citation omitted)).

[3] In White, the court analyzed the following language in addressing the Commerce Clause challenge: "[whether the child pornography has been] mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer." 18 U.S.C. § 2252A(a)(5)(B) (1998). This language is nearly identical to the statute Petitioner challenges here – "[whether the child pornography has been] mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer." 18 U.S.C. § 2252A(a)(2)(a) (2012).

argues that "he was never part of a commercial marketplace involving child pornography." (Doc. 17 at 2.) Whatever Petitioner may mean by this statement, it is unavailing. He clearly received child pornography that had been sent via a computer. Indeed, defendants who have brought as-applied challenges to the Child Pornography Prevention Act – arguing, as Petitioner does, that their purely intrastate activity fell outside the scope of Congress' authority under the Commerce Clause – have been uniformly unsuccessful. See, e.g., United States v. Malloy, 568 F.3d 166, 180 (4th Cir. 2009) (rejecting claim that local production of child pornography did not have substantial effect on interstate commerce under 18 U.S.C. § 2251(a)); United States v. Forrest, 429 F.3d 73, 77-79 (4th Cir. 2005) (same but discussing 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(b) (2000)).

In Forrest, for example, the court addressed a similar challenge to 18 U.S.C. § 2252A(a)(5)(B) (2000), where a defendant convicted of possessing child pornography argued that the statute exceeded Congress' Commerce Clause authority. Forrest, 429 F.3d at 77. The court denied relief, explaining that Congress had a rational basis for concluding that prohibition of mere local possession of child pornography was essential to the regulation of "an established, albeit illegal, interstate market." Id. at 78 (quoting Gonzales v. Raich, 545 U.S. 1, 18 (2005)). The court found that "the local production and possession of child

pornography substantially affect interstate commerce," such that Congress had the authority to establish a regulatory scheme designed to "eliminate the market for the sexual exploitative use of children." Forrest, 429 F.3d at 79 (emphasis removed) (quoting the Child Pornography Prevention Act of 1996, Pub. L. 104-208, 110 Stat. 3009-27).

Insofar as the possession or production of child pornography passes muster under the Commerce Clause, Petitioner's as-applied challenge to the constitutionality of 18 U.S.C. § 2252A, which criminalizes Petitioner's receipt of child pornography through interstate commerce, surely survives scrutiny. As the Government correctly notes, Petitioner mischaracterizes his conviction. (Doc. 14 at 4-5.) Petitioner pled guilty to knowingly receiving child pornography through a means of interstate commerce, as prohibited by 18 U.S.C. § 2252A(a)(2)(A), not possession of child pornography, which is addressed in § 2252A(a)(5)(B). Petitioner entered his plea after the court recited the elements of § 2252A(a)(2)(A) to him. The court noted that Petitioner's plea of guilt would include an admission that the child pornography in question had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by a computer. Petitioner affirmed that he understood the elements of the offense and that he was pleading guilty to the offense because he was in fact guilty.

Petitioner's PSR also described his offense conduct, which
noted that he downloaded the videos onto his computer and accessed
a peer-to-peer file sharing network. (Doc. 8 at 3-5.) Petitioner
has therefore admitted using an instrumentality of interstate
commerce, which Congress certainly has the authority to regulate.
United States v. Cioni, 649 F.3d 276, 287 (4th Cir. 2011)
("Congress has the power to regulate interstate communication
networks, which generally fall under the 'instrumentalities of
interstate commerce' category described in [Raich]."); United
States v. MacEwan, 445 F.3d 237, 245 (3rd Cir. 2006) (noting that
"it is difficult to find an act more intertwined with the use of
the channels and instrumentalities of interstate commerce than
that of downloading . . . from the Internet").

To the extent that Petitioner may be attempting to refute his
admission that he used the internet to access and retrieve child
pornography, his argument fails. Where, as here, "a defendant is
represented by counsel when making his guilty plea, that plea is
presumed valid when later attacked in a habeas corpus
proceeding. . . . [T]o rebut that strong presumption of validity,
the defendant must make a factual showing that his plea of guilt
was not voluntary and intelligent." United States v. Custis, 988
F.2d 1355, 1363 (4th Cir. 1993) (citations omitted). "[S]tatements
of fact by a defendant in Rule 11 proceedings may not ordinarily
be repudiated, and, similarly, findings by a sentencing Court in

accepting a plea constitute a formidable barrier to attacking the plea." United States v. Wilson, 81 F.3d 1300, 1308 (4th Cir. 1996) (citations, quotation marks omitted). Absent "extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Therefore, any attempt by Petitioner to claim that he is actually innocent of the count of conviction fails.

For all these reasons, Petitioner's motion lacks merit and will be denied.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Petitioner's § 2255 motion (Doc. 11) is DENIED and this action is DISMISSED WITH PREJUDICE. Petitioner's motion to expedite (Doc. 19) is DENIED as moot.

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is not issued.

                                  /s/   Thomas D. Schroeder
                                United States District Judge

April 28, 2017